IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CARLOS ORTIZ, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 16-181-LPS |
| KARL HALLER, et al., | : | |
| Defendants. | : | |

Carlos Ortiz, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 10, 2016
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Carlos Ortiz ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] (D.I. 3) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## II. BACKGROUND

In 2003, a Delaware Superior Court jury convicted Plaintiff of two counts of rape in the first degree and other related offenses arising from his attack on his estranged wife. *See Ortiz v. State*, 127 A.3d 398 (Del. 2015) (table). The State was represented at trial by Defendant Melanie C. Withers ("Withers"), Plaintiff was represented at trial by Defendant Karl Haller ("Haller"), and Defendant Delaware Superior Court Judge E. Scott Bradley ("Judge Bradley") presided over the criminal trial. *See State v. Ortiz*, 2011 WL 2791265 (Del. Super. Ct. July 13, 2011). Plaintiff was sentenced to a total of eighty-four years of Level V incarceration, suspended after sixty-eight years for decreasing levels of supervision. *See Ortiz*, 127 A.3d 398. His convictions were affirmed by the Delaware Supreme Court on direct appeal. *Id.* Since then, Plaintiff has filed six motions for post-conviction relief, all unsuccessful. *Id.* Plaintiff also sought relief in this Court pursuant to 28 U.S.C. § 2254; his petition was denied as time-barred. *See Ortiz v. Pierce*, 2014 WL 3909138 (D. Del. Aug. 11, 2014).

Plaintiff alleges that, on the final day of trial, the judge, prosecutor, and defense counsel met to decide jury instructions. Plaintiff "accuses the three defendants of conspiracy against him to

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

insure his conviction." (D.I. 3) He alleges Defendants worked together "to come up with an instruction . . . in violation of . . . Delaware law" and conspired to violate his constitutional rights to due process and equal protection. (*Id.*) He alleges the instruction in question "is a federal violation" and prejudiced him in the Delaware rulings. (*Id.* at 5) Plaintiff seeks compensatory damages.

### III.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are

3

not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Habeas Corpus

To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v. Thompson*, 435 F. App'x 56 (3d Cir. June 3, 2011). In addition, Plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Here, Plaintiff has not alleged or proven that his conviction or sentence was reversed or invalidated as provided by *Heck*. To the extent Plaintiff seeks damages for his current incarceration, his claim is frivolous and will be dismissed.

### B. Statute of Limitation

Plaintiff alleges that, during the course of his 2003 criminal trial, Defendants conspired to

deprive him of his constitutional rights. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. Code § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "Although the statute of limitations is an affirmative defense, a district court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required." *Peele v. McLaughlin*, __ F. App'x ___, 2016 WL 737715, at *1 (3d Cir. Feb. 25, 2016) (citing *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Plaintiff complains of acts occurring during the course of his 2003 criminal trial, particularly the use of jury instructions containing the word "victim," which he claims violated his constitutional rights. As is evident from the face of the Complaint, Plaintiff has been aware of this cause of action for some time. He states that he has "filed multiple petitions on his constitutional rights violations with the use of the word 'victim,' being used 10 times, during jury instructions." (D.I. 3 Facts) Plaintiff did not file his Complaint until March 8, 2016.[2] Hence, it is evident from the face of the

---

[2]The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule," which deems a petition or complaint filed as of the date it was delivered to prison officials for mailing to the court. *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002). Plaintiff's Complaint was signed on March 8, 2016, and the envelope it was mailed in is post-marked March

Complaint that all claims that accrued prior to March 8, 2014 are barred by the two-year limitations period.

Because Plaintiff's allegations are time-barred, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).[3]

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Amendment is futile.

An appropriate Order follows.

---

21, 2016. Therefore, Plaintiff's Complaint was delivered to prison authorities for mailing between March 8, 2016 and March 21, 2016. Giving Plaintiff the benefit, the Court concludes that Plaintiff's Complaint was filed on March 8, 2016, the date it was signed, and the earliest date possible that it could have been delivered to prison officials in Delaware for mailing.

[3]There are other deficiencies, including that the conspiracy claim is pled in a conclusory manner and fails to meet the pleading requirements of *Iqbal* and *Twombly*. Additionally, it does not allege sufficient facts to raise an inference that Haller engaged in a conspiracy with Judge Bradley and Withers that would subject Haller, as a non-state actor, to § 1983 liability. *See Abulkhair v. Toskos*, 430 F. App'x 98, 100 (3d Cir. June 2, 2011). Finally, the claim fails because Judge Bradley has judicial immunity, *see Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180 (3d Cir. 2009), and Withers has prosecutorial immunity, *see Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008).